UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD TIMBERLAND,<br><br>       Plaintiff,<br><br>    vs.<br><br>G. MASCARENAS, et al.,<br><br>       Defendants. | 1:16-cv-00922-GSA-PC<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br>(ECF No. 8.) |

**I.     BACKGROUND**

Ronald Timberland ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 27, 2016, against correctional officers at Corcoran State Prison for violation of his right to due process concerning an ICC hearing held at CSP on May 5, 2015. (ECF No. 1.)

On July 18, 2016, February 11, 2013, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On October 6, 2016, Plaintiff filed a motion titled "Motion for Assistance from the Court." (ECF No. 8.)  Plaintiff requests a court order providing him with "in cell study of research material/books" at California Correctional Institution in Tehachapi, California, where he is now incarcerated.  (Id.)  The court construes Plaintiff's motion as a motion for preliminary injunctive relief.

## II.     PRELIMINARY INJUNCTIVE RELIEF

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

///

### III. DISCUSSION

The relief Plaintiff seeks would not address Plaintiff's due process claims which are the basis of this action. Therefore, the relief requested by Plaintiff is not available in this case because the Court lacks jurisdiction to grant such relief in this case. Moreover, the court has no jurisdiction over prison officials at CCI in this action. Therefore, Plaintiff's motion for preliminary injunctive relief must be denied.

The court also recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970). Accordingly, the court shall defer to the prison's policies and practices in granting Plaintiff access to research materials.

### IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for preliminary injunctive relief is DENIED.

IT IS SO ORDERED.

Dated:   **February 8, 2017**             **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE