UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD TIMBERLAND,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>G. MASCARENAS, et al.,<br><br>　　　　Defendants. | 1:16-cv-00922-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(ECF No. 14.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.　BACKGROUND**

Ronald Timberland ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. §1983. Plaintiff filed the Complaint commencing this action on June 27, 2016. (ECF No. 1.) On March 16, 2017, the court screened the Complaint pursuant to 28 U.S.C. § 1915A and dismissed the Complaint for failure to state a claim, with leave to amend. (ECF No. 11.) On April 17, 2017, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (ECF No. 14.)

**II.　SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Corcoran State Prison (CSP) in Corcoran, California, where the events at issue in the First Amended Complaint allegedly occurred. Plaintiff names as defendants G. Mascarenas (Correctional Counselor I (CCI)), D. Patterson (CCI), A. Maxfield (CCII), and M. Sexton (Chief Deputy Warden) (collectively "Defendants"), who were all employed at CSP at the time of the events at issue. Plaintiff's factual allegations follow.

///
///
///

On May 5, 2015, an initial hearing was held by members of the Classification Committee, which resulted in Plaintiff being retained in the SHU (Security Housing Unit) for an additional twenty-six months. Plaintiff's assigned Correctional Counselor, defendant G. Mascarenas, failed to notify Plaintiff of the hearing date and his right to attend, knowingly depriving Plaintiff of his rights. In fact, defendant Mascarenas never introduced herself to Plaintiff prior to or after the hearing.

Plaintiff's Staff Assistant, defendant D. Patterson, also knowingly deprived Plaintiff of the right to attend the ICC hearing, failing in his assignment.

At the hearing defendant Mascarenas knowingly presented false information about Plaintiff to Committee members. Defendant Mascarenas was aware that the false information would harm Plaintiff's name, reputation and standing among the rest of the inmate population, were they to find out. Defendant Mascarenas was in possession of, and had direct access to, Plaintiff's Central File where such information could be readily ascertained as being factual or not. Defendant Mascarenas knew that Plaintiff had never previously resided on any SNY (Sensitive Needs Yard) facility, nor had Plaintiff been endorsed by prison officials as a sensitive needs inmate. The Committee Chrono-128G generated by defendant Mascarenas, dated April 29, 2015, and containing false information, could not be refuted by Plaintiff during the hearing due to the defendant's failure to notify him.

Defendant Mascarenas also violated Plaintiff's rights to be protected from constant threats of violence from other inmates. Defendant Mascarenas knowingly gave Plaintiff's confidential personal information to another inmate, which contained false information that defendant Mascarenas was aware that would damage Plaintiff's reputation among the inmate population. Defendant Mascarenas instructed this inmate to "pass this around," showing a clear disregard of a risk of harm to Plaintiff by labeling Plaintiff as a "snitch" or worse. (ECF No. 14 at 4 ¶2.) Defendant Mascarenas was aware that GP (General Population) inmates view SNY inmates as rapists, child molesters, and snitches, which immediately targets them for

///

///

death. The fact that on the outside of all cell doors there is a photo, name, and CDCR number of the inmate(s) who reside in that cell, coupled with the instruction to "pass this around," clearly shows defendant Mascarenas's reckless and malicious intent to place Plaintiff's life in jeopardy and cause harm to Plaintiff's reputation among other inmates. As a result of the death threats placed against Plaintiff, later confirmed on CDCR Form 128-D dated 10-12-15, Plaintiff suffers physical injury by being forced to live out the remainder of his sentence in segregation. This deprives Plaintiff of privileges enjoyed by non-segregated inmates, both GP and SNY alike. Plaintiff alleges that this cannot be considered as "within the range of confinement normally expected by inmates in relation to ordinary incidents of prison life," but should be considered as "imposing atypical and significant hardship" to the remainder of Plaintiff's prison sentence/life. (ECF No. 14 at 5 ¶2.)

Plaintiff filed an inmate appeal describing the failure of Committee Members at the ICC hearing dated May 5, 2015, to arrange for Plaintiff to attend this hearing. Defendant A. Maxfield was a member of the Committee whose actions were in question, but defendant Maxfield was able to render a decision on her own actions by acting as a reviewer of Plaintiff's appeal at the first level of review. Defendant Maxfield's decision did not mention the staff misconduct described in Plaintiff's appeal and set the "tone" for the next levels of appeal. (ECF No. 14 at 7:24-26.)

Defendant M. Sexton was also a member of the Committee whose actions were in question, yet defendant Sexton was able to render a decision on Plaintiff's appeal at the second level of review. Defendant Sexton's decision at the second level did not mention the staff misconduct which should have led to an investigation and/or referral to the Hiring Authority pursuant to CDCR title 15, § 3084.5. The appeal was later denied at the third level of review.

Plaintiff requests monetary, declaratory, and injunctive relief, attorney's fees, costs of suit, and appointment of counsel.

///
///
///

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."

Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.     Due Process -- Classification Committee Hearing

The Due Process Clause protects against the deprivation of liberty without due process of law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005).  In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Id.  Liberty interests may arise from the Due Process Clause itself or from state law.  Id.

The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation.  See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983); see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).

Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995).  Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Here, Plaintiff alleges that his rights to due process were violated by defendants Mascarenas and Patterson because they failed to arrange for Plaintiff to attend the ICC meeting where it was decided to retain Plaintiff in the SHU for twenty-six months.  Thus, Plaintiff did not have an opportunity to participate in the hearing before the decision was made to retain him

in the SHU. Plaintiff alleges that he "suffers physical injury by being forced to live out the remainder of his sentence (EPRD-2040, MRD-2044) in segregation, depriving plaintiff [of] any/all 'priviledges' [*sic*] enjoyed by non-segregated inmates, both G.P. & SNY alike. Further, that this cannot be considered as 'within range of confinement normally expected by inmates in relation to ordinary incidents of prison life,' but should be considered as 'imposing atypical & significant hardship' to the remainder of plaintiff's prison sentence/life." (ECF No. 14 at 5 ¶2.)

However, the Court finds that Plaintiff's vague and conclusory allegations do not present facts demonstrating that his detention in the SHU imposed an "atypical and significant hardship." Plaintiff states that he suffered physical injury but does not describe any injury he sustained as a result of being housed in the SHU. Plaintiff also states that he was deprived of privileges but does not explain which privileges he lost, or how he suffered a significant hardship because of the loss of privileges. As discussed above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Iqbal, 556 U.S. at 678. Plaintiff fails to establish the existence of a protected liberty interest of which he was deprived, and therefore the court finds that Plaintiff fails to state a cognizable claim against defendants Mascarenas or Patterson for violation of his rights to due process based on the May 5, 2015, classification hearing.

### B. Due Process – Inmate Appeals

Plaintiff's allegations against defendants Maxfield and Sexton pertain to their review and handling of Plaintiff's inmate appeals. "[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not

give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996).; Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D. Cal. Feb. 21, 2017).

Thus, the court finds that Plaintiff's allegations that defendants Maxfield and Sexton failed to properly process Plaintiff's appeals fail to state a cognizable claim.

### C. **Failure to Protect – Eighth Amendment Claim**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. The question under the Eighth Amendment is whether prison officials, acting with

deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his or her future health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

Plaintiff alleges that all of the Defendants placed his life in danger by their failure to check the veracity of fraudulent information about Plaintiff presented during the May 5, 2015, hearing, and by allowing the fraudulent information to be entered into Plaintiff's central file as factual. Plaintiff also alleges that defendant Mascarenas gave Plaintiff's confidential information to another inmate, which caused other prisoners to threaten Plaintiff with harm because of his purported status as a SNY inmate. Plaintiff claims that SNY inmates are known to be child molesters, rapists, and snitches, all of whom are targeted for death.

Plaintiff fails to make factual allegations demonstrating that any of the Defendants personally acted against him while disregarding a serious threat to his safety. Plaintiff states his belief that defendant Mascarenas knowingly gave Plaintiff's confidential personal information to another inmate, which defendant Mascarenas knew would cause other inmates to target Plaintiff for death. Plaintiff also claims that defendant Mascarenas intended to place Plaintiff's life in jeopardy. To succeed with this claim, Plaintiff must allege facts from which

///

///

the court can infer that each of the Defendants, by their personal conduct, knew that Plaintiff faced a substantial risk of serious harm and yet proceeded to act with deliberate indifference to the risk. Plaintiff has not alleged facts supporting his belief that any of the Defendants knew his life would be in danger. Nor does Plaintiff discuss any incident in which another inmate made a credible threat against him or caused him harm.

Therefore, the court finds that Plaintiff fails to state a cognizable Eighth Amendment claim against any of the Defendants for failure to protect him from harm.

### D. False or Fraudulent Information

Plaintiff alleges that Defendants entered fraudulent information on paperwork used at the May 5, 2015 hearing. To the extent that Plaintiff seeks to bring a claim for violation of his rights to due process for this reason, Plaintiff fails to state a claim.

There is no due process right to be free from false charges. The falsification of a disciplinary report does not state a standalone constitutional claim. Canovas v. California Dept. of Corrections, 2:14-cv-2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. 2014); see e.g., Lee v. Whitten, 2:12-cv-2104 GEB KJN P, 2012 WL 4468420, *4 (E.D. Cal. 2012). There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him does not raise a due process issue. The Constitution demands due process, not error-free decision-making." Jones v. Woodward, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)). Accordingly, Plaintiff has no protected liberty interest in freedom from false claims against him. Therefore, the court finds that Plaintiff fails to state a due process claim against any of the Defendants for using false information against him.

### E. State Law Claims

Plaintiff alleges violations of state law. Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

In this instance, the court finds no cognizable federal claims in the First Amended Complaint. Therefore, the court shall not exercise supplemental jurisdiction, and Plaintiff's state law claims fail.

## V. CONCLUSION AND RECOMMENDATIONS

The court finds that Plaintiff fails to state any cognizable claims in the First Amended Complaint upon which relief may be granted under § 1983. The court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983;
2. This dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g); and
3 The Clerk be ordered to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within**

**fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:   **February 27, 2018**            **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE