UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD TIMBERLAND, | 1:16-cv-00922-LJO-GSA-PC |
| Plaintiff, | **ORDER GRANTING DEFENDANT MASCARENAS'S  MOTION TO MODIFY SCHEDULING ORDER (ECF No. 49.)** |
| vs. | |
| G. MASCARENAS, et al., | **ORDER EXTENDING DISPOSITIVE MOTIONS DEADLINE NUNC PRO TUNC TO JANUARY 6, 2020** |
| Defendants. | |
| | **ORDER DEEMING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT TIMELY FILED ON JANUARY 6, 2020** |

I.      **BACKGROUND**

Ronald Timberland ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action now proceeds with Plaintiff's Second Amended Complaint filed on June 20, 2018, against defendant G. Mascarenas (Correctional Counselor I) for failure to protect Plaintiff in violation of the Eighth Amendment.[1]  (ECF No. 26.)

---

[1] On October 12, 2018, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim.  (ECF No. 30.)

On January 9, 2019, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a deadline of September 9, 2019, for the filing of pretrial dispositive motions. (ECF No. 37.) On June 18, 2019, the court modified the scheduling order and extended the dispositive motions deadline to December 9, 2019. (ECF No. 42.)

On December 23, 2019, Defendant filed a motion to modify the current scheduling order to extend the dispositive motions deadline to January 6, 2020. (ECF No. 49.) Plaintiff has not opposed the motion.

## II.    MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendant requests an extension of the dispositive motions deadline until January 6, 2020. Defense counsel declares that she is preparing a motion for summary judgment, but completion of the motion was delayed because defendant Mascarenas requested changes in her declaration in support of the motion, and as of December 23, 2019, defense counsel had not received the additional documents and signed declaration needed to make the changes. (Decl. of Kelli Hammond, ECF No. 49-1 ¶¶ 7-10.)

Defense counsel has shown that despite her best efforts she was unable to file Defendant's motion for summary judgment before the expiration of the current dispositive motions deadline. On January 6, 2020, Defendant's motion for summary judgment was filed. (ECF No. 51.) Therefore, good cause appearing, Defendant's motion to modify the scheduling order shall be granted and the dispositive motions deadline shall be extended *nunc pro tunc* to January 6, 2020.

## III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Defendant Mascarenas's motion to modify the court's Discovery and Scheduling Order, filed on December 23, 2019, is GRANTED;

2.  The deadline for filing and serving pretrial dispositive motions is extended *nunc pro tunc* to January 6, 2020;

3.  Defendant's motion for summary judgment is deemed timely filed on January 6, 2020; and

4.  All other provisions of the court's January 9, 2019, Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:  __**January 9, 2020**__          _____**/s/ Gary S. Austin**__

UNITED STATES MAGISTRATE JUDGE