UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD TIMBERLAND,<br><br>    Plaintiff,<br><br>vs.<br><br>G. MASCARENAS, et al.,<br><br>    Defendants. | 1:16-cv-00922-NONE-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL AS MOOT**<br>**(ECF Nos. 43, 44.)**<br><br>**ORDER FOR DEFENDANT TO FILE SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>**THIRTY-DAY DEADLINE** |

## I. BACKGROUND

Ronald Timberland ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. This action now proceeds with Plaintiff's Second Amended Complaint, filed on June 20, 2018, against defendant G. Mascarenas (Correctional Counselor I) ("Defendant") for failure to protect Plaintiff in violation of the Eighth Amendment.[1] (ECF No. 26.)

On August 14, 2019, and November 7, 2019, Plaintiff filed motions to compel and for sanctions. (ECF Nos. 43, 44.) On February 4, 2020, Defendant filed an opposition to the

---

[1] On October 12, 2018, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (ECF No. 30.)

1

motions. (ECF No. 57.) Plaintiff has not filed a reply to the opposition, and the time for filing a reply has now expired. L.R. 230(*l*).

## II. MOTION TO COMPEL – RULE 37

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S–10–2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. 2012); Ellis v. Cambra, No. 1:02–cv–05646–AWI–SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. 2008). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S–11–1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D. Cal. 2011).

### A. Plaintiff's Motions To Compel

#### 1. First Motion to Compel (ECF No. 43.)

In Plaintiff's first motion to compel, filed on August 14, 2019, Plaintiff seeks to compel defendant Mascarenas to respond to his Interrogatories #1-25, Requests for Admission #1-7, and Request for Production of Documents #1-10. Plaintiff represents that he served the Interrogatories on April 10, 2019, and the Request for Admissions and Request for Production on May 30, 2019. As of August 11, 2019, the date of the motion to compel, Plaintiff had not received responses to any of these discovery requests. Plaintiff reports that on June 7, 2019, he sent a letter to Defendant requesting responses to his discovery requests "before having to get the court involved in the discovery process." (ECF No. 43 at 2:10-15.) As of August 11, 2019,

2

Plaintiff had not received a response to his letter. Plaintiff argues that Defendant refused to respond to his discovery requests, without justification. Plaintiff requests $1,000.00 as his reasonable expenses for obtaining an order from the court.

### 2. **Second Motion to Compel (ECF No. 44.)**

On November 7, 2019, Plaintiff filed another motion to compel, again seeking to compel defendant Mascarenas to respond to his Interrogatories #1-25, Requests for Admissions #1-7, and Request for Production of Documents #1-10, pursuant to Rule 37(a). In this motion, Plaintiff requests $1,500.00 from Defendant as reasonable expenses in obtaining an order from the court due to Defendant's refusal to meet the court's discovery deadlines without substantial justification.

### B. **Defendant's Opposition**

Defendant Mascarenas argues that both of Plaintiff's motions to compel are moot because Defendant properly and timely responded to Plaintiff's discovery requests. Defense counsel represents as follows:

> On April 11, 2019, Plaintiff served defendant Mascarenas with Interrogatories. (Declaration of K. Hammond, ECF No. 57 ¶ 3.) Counsel promptly contacted defendant Mascarenas and caused the responses to the Interrogatories, Set One, to be served on April 18, 2019. (Id. ¶ 5.) However, in checking the discovery file, defense counsel did not find a proof of service showing that the responses were ever served. (Id. ¶ 6.) In addition, the discovery file shows that counsel's office received Plaintiff's notification of change of address on April 25, 2019, shortly after the Interrogatory responses were served. (Id. ¶ 7.)
>
> During Plaintiff's deposition on September 24, 2019, counsel for defendant Mascarenas advised Plaintiff that neither the Request for Admissions nor Request for Production of Documents were received, but advised Plaintiff that if he sent them again, defendant Mascarenas would timely serve responses. (Id. ¶¶ 8-10.) Plaintiff re-served the requests on September 25, 2019, and

counsel for defendant Mascarenas received them shortly thereafter. (Id. ¶¶ 11, 12.) Responses to those requests were served on November 5, 2019. (Id. ¶ 12.) Noting on Plaintiff's motion to compel filed November 7, 2019, that he had been transferred to another institution, they were re-served on December 5, 2019. Id. ¶¶ 13, 14.)

Defendant also responded to Plaintiff's Interrogatories. Defense counsel's files show that the Interrogatories were received on April 11, 2019, and responses were signed by counsel for defendant Mascarenas on April 18, 2019. There are no proofs of service for these responses in the file. In addition, defense counsel's files indicate that Plaintiff filed a change of address on April 25, 2019, but the responses were not re-served. Those responses are being re-served along with Defendant's Opposition to the Motion to Compel, at Plaintiff's current address.

Defendant asserts that he timely responded to Plaintiff's discovery requests but because Plaintiff was transferred to different institutions just before Defendant served the discovery responses, the responses were served at Plaintiff's former address. The responses were re-served by Defendant once he knew Plaintiff's current address.

**C.     Discussion**

Plaintiff seeks to compel defendant Mascarenas to respond to Plaintiff's discovery requests. Plaintiff's motions to compel are moot because after Plaintiff's September 24, 2019 deposition, Defendant re-served his responses to Plaintiff's Interrogatories; Plaintiff re-served his Requests for Admission and Request for Production of Documents on Defendant; and, Defendant served his responses to the Requests for Admission and Request for Production of Documents on Plaintiff. Therefore, Plaintiff's motion to compel is moot and shall be denied as such.

**III.    MOTION FOR SANCTIONS**

Plaintiff requests the court to impose sanctions on Defendant because Defendant's discovery responses were untimely.

4

1       Federal Rule of Civil Procedure 37(a)(5)(A) provides that if [a] motion [to compel] is
2 granted--or if the disclosure or requested discovery is provided after the motion was filed--the
3 court must, after giving an opportunity to be heard, require the party or deponent whose conduct
4 necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's
5 reasonable expenses incurred in making the motion, including attorney's fees. But the court must
6 not order this payment if:

    (i)     the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

    (ii)     the opposing party's nondisclosure, response, or objection was substantially justified; or

    (iii)     other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

      The court has broad discretion regarding the type and degree of discovery sanctions it may impose pursuant to Rule 37 and can impose any sanction it sees as just. Von Brimer v. Whirlpool Corp., 536 F.2d 838, 844 (9th Cir. 1976). "When sanctions are warranted, the Court must determine the appropriate level or severity of sanctions based on the circumstances of the case." Daniels v. Jenson, No. 2:11-CV-00298-JCM, 2013 WL 1332248, at *2 (D. Nev. Mar. 11, 2013).

      With respect to *pro se* litigants, including those that are licensed attorneys, the general rule is that attorneys' fees are not a payable "expense" under Rule 37 "as there is no direct financial cost or charge associated with the expenditure of one's own time." Pickholtz v. Rainbow Techs., Inc., 284 F.3d 1365, 1375 (Fed. Cir. 2002); see Fosselman v. Gibbs, No. CV 06–00375 PJH (NJV), 2010 WL 1446661, at *1 (N.D. Cal. 2010); see also Kay v. Ehrler, 499 U.S. 432, 438, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991) (licensed attorney proceeding *pro se* not entitled to an award attorneys' fees). The "reasonable expenses" awardable under Rule 37 do include, however, "actual costs incurred as a result of misconduct [.]" Fosselman, 2010 WL 1446661, at *1. Fees to *pro se* litigants are awardable under the court's inherent power." Jacobs v. Scribner, No. 06–cv–01280–AWI–GSA–PC, 2011 WL 98585, at *1 (E.D. Cal. 2011). A rule

to the contrary "would place a *pro se* litigant at the mercy of an opponent who might engage in otherwise sanctionable conduct." Pickholtz, 284 F.3d at 1375.

As set forth above, Plaintiff was obliged to file two motions to compel as a result of Defendant's conduct, and the discovery requested by Plaintiff was provided after the motions to compel were filed. The record reveals that Plaintiff has satisfied the prerequisite to an award of sanctions under FRCP 37(a)(5)(A) because he first attempted to resolve the issues without judicial intervention. Defendant offers virtually no excuse for forcing Plaintiff to file the motions to compel. The problem is that Defendant failed to respond to Plaintiff's letter sent on June 7, 2019, attempting to resolve the discovery dispute before filing the motions to compel. Defendant may have been able to avoid the motions to compel if he had simply responded to Plaintiff's letter. This court finds no substantial justification or other circumstances for avoiding the mandatory award under FRCP 37(a)(5)(A) to Plaintiff of his reasonable expenses for filing the motions to compel.

This court does not take lightly the imposition of monetary sanctions. However, Fed. R. Civ. P. 37(a)(5)(A) explicitly states that the court "must" require the offender to pay the reasonable expenses incurred by the other side as a result of the offense unless the conduct was "substantially justified" or "other circumstances make an award of expenses unjust." FRCP 37(a)(5)(A). Defendant has not shown that the failure to respond to Plaintiff's letter was substantially justified and has proffered no other circumstances to make an award of expenses unjust.

Under the facts presented here, Plaintiff's motions to compel arose largely because of an unfortunate chain of events in which discovery requests and responses were lost in the mail, delaying discovery for months. Plaintiff served Interrogatories on Defendant on April 11, 2019. It appears that Defendant served his Responses to Interrogatories at Plaintiff's former address, through no fault of either party. Discovery came to a standstill. Plaintiff served his Requests for Admission and Request for Production of Documents upon Defendant, but Defendant did not receive them. Plaintiff then sent a letter to Defendant attempting to resolve the discovery issues
///

before filing a motion to compel. Defendant did not respond. Discovery again came to a standstill. On August 11, 2019, Plaintiff filed his first motion to compel.

Defendant argues that his service of the discovery responses, although late, effectively moots Plaintiff's motion for sanctions. Defendant asserts that Plaintiff has not filed anything objecting to the form or content of the responses or supporting the contention that he has been prejudiced by Defendant's delay in responding to his discovery requests. But Plaintiff's filings are not at issue here. Here, Defendant has not discussed why he failed to respond to Plaintiff's June 7, 2019 letter attempting to resolve the discovery conflict.

Defendant shall be required, within thirty days, to file a supplemental response to Plaintiff's motion for sanctions, showing why he should not be required to pay the reasonable expenses incurred by Plaintiff. Defendant must demonstrate why his conduct was "substantially justified" or "other circumstances make an award of expenses unjust." In the alternative, Defendant may file a notice of non-opposition to Plaintiff's motion.

Further, Plaintiff shall be required to file a reply to Defendant's supplemental response within thirty days of the date the supplemental response is filed. In the reply, Plaintiff shall set forth his estimate of the reasonable expenses he incurred in making his motions to compel.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to compel, filed on August 14, 2019 and November 7, 2019, are DENIED as moot;
2. Within thirty days from the date of service of this order, Defendant shall file a supplemental response to Plaintiff's motion for discovery sanctions; and
3. Within thirty days from the date that Defendant's supplemental response is filed, Plaintiff shall file a reply to Defendant's supplemental response. In the reply, Plaintiff shall set forth his estimate of the reasonable expenses he incurred in making his motions to compel.

IT IS SO ORDERED.

Dated: **March 18, 2020**              **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE